UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        Case No: 8:24-Cr-248-WFJ-AAS

AUDIAS JUNCOS VASQUEZ,

_____ /

## MOTION TO WITHDRAW AS COUNSEL AND APPOINT CONFLICT FREE COUNSEL

The Office of the Federal Defender, through undersigned counsel, pursuant to Local Rule 2.03, moves to withdraw as counsel of record for Defendant, AUDIAS JUNCOS VASQUEZ, and states as follows:

1.      On May 20, 2026, the Office of Federal Defender was appointed to represent Mr. Juncos Vasquez after he was indicted on a two count indictment for knowingly and willfully conspiring with other persons to possess with the intent to distribute a controlled substance in violation of 46 U. S. C. §§ 70503(a) and 70506 (a) and (b) and 21 U.S.C. § 960 (b)(1)(B)(ii) Docs. 1, 8. The undersigned counsel entered his notice of appearance as counsel of record on May 21, 2026. Doc. 20.

2.      Recently, the undersigned counsel was made aware that another attorney from the Office of the Federal Defender represented another individual who has direct adverse information against the interests of Mr. Juncos Vasquez.

3.     A conflict of interest in the present situation is significant and cannot be resolved.   The Office of the Federal Defender cannot represent clients with adverse interests.

4.     Undersigned counsel's continued representation of Mr. Juncos Vasquez will result in a conflict of interest.

5.     Assistant United States Attorney David Pardo has been advised of this motion and has no objection against the relief sought and based upon the confirmed information concurs with the motion.

6.     Local Rule 2.03 provides that no attorney shall withdraw as counsel without approval of the Court and notice to the defendant.   A copy of this motion will be provided to Mr. Juncos Vasquez.

## MEMORANDUM

The Supreme Court has acknowledged that attorneys are in the best position to determine when a conflict exists.   *Cuyler v. Sullivan,* 446 U.S. 335, 347, 100 S. Ct. 1708, 1717, 64 L. Ed.2d 333 (1980).   An attorney owes a client a duty to avoid conflicts of interest.   *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 2064-65, 80 L. Ed. 2d 674 (1984).   Moreover, a lawyer shall not continue multiple representation if the exercise of independent professional judgment on behalf of a client will be or is *likely* to be adversely affected by his representation of another client. (*emphasis added*).

2

*Lightbourne v. Dugger*, 829 F.2d 1012, 1023, n. 12, *reh'g denied*, 835 F.2d 291 (11th Cir. 1987), *cert denied* 488 U.S. 934, 109 S. Ct. 329, 102 L.Ed.2d 346 (1988).

The Defendant is entitled to an attorney who is free of conflicts of interest from the representation of other clients.   Rule 4-1.7, Rules of Professional Conduct, Rules Regulating The Florida Bar.   Subsection (a) of that rule states that "[a] lawyer shall not represent a client if the representation of that client will be directly adverse to the interests of another client."   Rule 4-1.7(a), Rules of Professional Conduct, Rules Regulating the Florida Bar.   "A lawyer shall not represent a client if the lawyer's exercise of independent professional judgement in the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person or by the lawyer's own interest."   Rule 4-1.7(b), Rules of Professional Conduct, Rules Regulating the Florida Bar.

The comments to Rule 4-1.7 emphasize that loyalty is an essential element in a lawyer's representation of a client.   The comments also recognize that this duty of loyalty prohibits representation of a client which is directly adverse to another client's interests.   "Loyalty to a client is also impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or

3

interests."   *See* comment to Rule 4-1.7(b), Rules of Professional Conduct, Rules Regulating the Florida Bar.

Additionally, Rule 4-1.6 imposes a duty of confidentiality upon counsel in the representation of a client.  "A lawyer shall not reveal information relating to representation of a client...unless the client consents after disclosure to the client."

It is clear that Mr. Juncos Vasquez and the Federal Defenders Office other clients' interest are now materially adverse to each other and consent to such continued representation is neither practicable nor prudent.

In the present case, counsel owes a duty of zealous representation, confidentiality and loyalty to Mr. Juncos Vasquez as well as to the other client the Federal Defender's Office represents. Counsel cannot fulfil these ethical obligations to either client without violating the ethical obligations owed to both.  A further conflict must be avoided by the appointment of new and independent counsel from outside the Federal Defender's Office.  Rule 4-1.10(a), *supra*, requires all attorneys in a firm to be treated as one.  The Federal Defender's office is treated as a firm.

WHEREFORE, the Federal Defender's Office moves this Honorable Court for its Order granting this motion to withdraw and appoint Mr. Audias Juncos Vasquez counsel from outside the Federal Defender's Office.

Respectfully Submitted,

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Public Defender
Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Email: ryan_maguire@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May 2026, a true copy of

the foregoing was filed with the Clerk of the Court using the CM/ECF system,

which will send a notice of the electronic filing to:

David Pardo, AUSA

/s/ Ryan J. Maguire
Ryan J. Maguire
Assistant Federal Public Defender